IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARIS LAVAR GANTZ, | : | Civil No. 3:18-cv-2418 |
| Plaintiff | : | |
| v. | : | (Judge Mariani) |
| TOM WOLF, | : | FILED SCRANTON |
| Defendant | : | JAN 2 8 2019 |

**MEMORANDUM**

## I. Background

Plaintiff Paris Lavar Gantz ("Gantz"), an inmate currently confined at the State Correctional Institution, Rockview, in Bellefonte, Pennsylvania, initiated the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The sole named Defendant is Pennsylvania Governor Tom Wolf. (*Id.*). Along with the complaint, Gantz has filed a motion for leave to proceed *in forma pauperis*. (Doc. 5). An initial screening of the complaint has been conducted, and for the reasons set forth below, the motion to proceed *in forma pauperis* will be granted, and the complaint will be dismissed.

## II. Screening Provisions of the Prison Litigation Reform Act

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.

See 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2] The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

## III. Allegations of the Complaint

Gantz filed his complaint as a "petition for civil/ criminal action." (Doc. 1). In the complaint, Gantz states that he filed a petition for writ of mandamus in the Pennsylvania Supreme Court pertaining to the loss of legal documents from the Reading Police Department. (*Id.* at p. 3). The Pennsylvania Supreme Court granted his application for

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

leave to file original process, and denied his petition for writ of mandamus. (*Id.* at pp. 4, 16). Gantz avers that the Pennsylvania Supreme Court order was issued without an opinion, signature, or official court seal. (*Id.* at p. 4). Presently, Gantz appears to argue that the Pennsylvania Supreme Court order violates his constitutional rights because it was issued without an opinion, signature, or official court seal. (*Id.* at pp. 4-6). Gantz seeks injunctive relief and monetary damages. (*Id.* at pp. 5-6).

## IV. Discussion

Gantz's claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Barna v. City of Perth Amboy*, 42

3

F.3d 809, 815 (3d Cir. 1994). "To establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." *Keys v. Carroll*, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

Upon careful review of the complaint, the Court concludes that Gantz has failed to state a claim against Defendant Wolf. To the extent that Gantz is suing Governor Wolf in his official capacity, any claims seeking monetary damages against Wolf in his official capacity are barred by the Eleventh Amendment. Personal capacity suits under section 1983 seek to recover money from a government official, as an individual, for acts performed under color of state law. Official capacity suits, in contrast, generally represent an action against an entity of which the government official is an agent. *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988); see *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). When suits are brought against state officials in their official capacities, those lawsuits are treated as suits against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). However, the doctrine of sovereign immunity, established by the Eleventh Amendment, protects states, such as the Commonwealth of Pennsylvania, from suits by citizens. *Pennhurst State*

School & Hosp. v. Halderman, 465 U.S. 89, 100-01, 117 (1984); Seminole Tribe v. Florida, 517 U.S. 44, 54, 116 S.Ct. 1114, 1122, 134 L.Ed.2d 252, 265 (1996); Lavia v. Pennsylvania, 224 F.3d 190, 195-96 (3d Cir. 2000). That immunity runs to state officials if they are sued in their official capacity, and the state is the real party upon which liability is to be imposed. Scheuer v. Rhodes, 416 U.S. 232, 237-38 (1974). Congress has not abrogated the immunity regarding Gantz's claims, nor has Pennsylvania waived this grant of immunity. See 42 PA. STAT. ANN. AND CONS. STAT. ANN. § 8521(b). Hence, Gantz's claims for money damages against Defendant Wolf in his official capacity are barred by sovereign immunity. See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010).

Moreover, to the extent that Gantz is suing Defendant Wolf in his individual capacity, the complaint fails to state a claim because he does not allege any personal involvement by Defendant Wolf in violation of his civil rights. Gantz only alleges that the Pennsylvania Supreme Court order violates his constitutional rights because it was issued without an opinion, signature, or official court seal. The complaint does not set forth any allegations against Defendant Wolf. Accordingly, the complaint will be dismissed. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs").

## V. <u>Leave to Amend</u>

The Court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Gantz. See *Erickson v. Pardus*, 551 U.S. 89 (2007). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Based upon the nature of the allegations, it is clear that affording Gantz leave to amend would be futile.

## VI. Conclusion

Based on the foregoing, the Court is confident that service of process is unwarranted in this case, and the complaint will be dismissed.

A separate Order shall issue.

Dated: January __, 2019

Robert D. Mariani
United States District Judge